**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-2053**

RANDY LYNN JOHNSON,

              Plaintiff - Appellant,

       v.

WILLIAM BERTRAND,

              Defendant - Appellee.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.    James C. Dever III, District Judge. (5:09-CV-00481-D)

Submitted: February 28, 2011          Decided:  March 4, 2011

Before TRAXLER, Chief Judge, and KING and DIAZ, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Randy Lynn Johnson, Appellant Pro Se.   Benjamin E. Thompson, III, BROUGHTON, WILKINS, SMITH, SUGGS & THOMPSON, PLLC, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Randy Lynn Johnson seeks to appeal the district court's order dismissing his civil action against William Bertrand for lack of subject matter jurisdiction. We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

Parties are accorded thirty days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5), or reopens the appeal period under Fed. R. App. P. 4(a)(6). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 551 U.S. 205, 214 (2007).

The district court's order was entered on the docket on July 15, 2010. The notice of appeal was filed on or about September 3, 2010.[*] Thus, the notice of appeal was filed outside the thirty-day appeal period. Because Johnson failed to file a

---

[*] Because Johnson is incarcerated, he is deemed to have filed the notice of appeal the date he deposited it in the prison mail system. Fed. R. App. P. 4(c)(1). However, the notice of appeal does not contain a declaration or notarized statement reflecting that date, as required by Federal Rule of Appellate Procedure 4(c)(1), and the post-mark date is illegible. In determining the filing date, we have afforded Johnson the presumption that he tendered the notice of appeal on September 3, 2010, five business days prior to the district court's September 13, 2010 receipt thereof.

2

timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED